CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
AUG 21 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Pam Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| Deedra Alexander,<br><br>                    *Plaintiff,*<br><br>v.<br><br>Delta Star, Inc.,<br><br>                    *Defendants.* | CIVIL ACTION NO. 6:08cv00011<br><br><br><br>MEMORANDUM OPINION AND<br>ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Docket #5]. Defendants argue that this Court does not have jurisdiction over Plaintiff's claims because she has not exhausted her administrative remedies as required by law. Defendants also argue that Plaintiff has not pled sufficient facts to establish a *prima facie* case of race or gender discrimination under Title VII. Because the EEOC has not yet issued a right to sue letter regarding Plaintiff's retaliation claim and because Plaintiff has pled only conclusory allegations of discrimination, the Court will GRANT Defendants' motion and dismiss this case without prejudice.

## I. BACKGROUND

The plaintiff, Deedra Alexander ("Alexander"), is a fifty-one year old African-American woman and former employee of Defendant Delta Star, Inc.[1] ("Delta Star").[2] Alexander has filed this

---

[1] Delta Star is a manufacturer of medium-power transformers and mobile substations located in Lynchburg, Virginia and San Carlos, California.

[2] For the purposes of this Motion to Dismiss, the Court accepts all allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). Although Defendants have
(continued...)

suit *pro se* because of the alleged racial and sexual discrimination of Delta Star employees Craig Baye, Brenda Fairley, Robert Hackworth, Robert Sandidge, and Michael Thomas. Specifically, Alexander claims that she was called a "Black Bitch," "Mother Fucker," and "Monkey Ass." Alexander does not allege, however, that any of the named defendants called her these names.

Alexander was suspended from her job for three days without pay on July 19, 2006, for failing to regularly maintain standards of quality and quantity. Alexander filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 30, 2006, and claimed she was suspended because of her race and sex in violation of Title VII of the Civil Rights Act of 1964. Alexander identified Delta Star as the only party that had discriminated against her in the charge and did not list any specific individuals.

Delta Star terminated Alexander on July 19, 2007, because of poor job performance and for making too many mistakes.[3] Alexander filed a second charge with the EEOC on December 18, 2007, and claimed that she was discharged because of her race and sex and in retaliation to her earlier charge filed on November 30, 2006. The EEOC closed its investigation in the initial charge on December 31, 2007, because it was unable to establish a violation of the statute and issued Alexander a right to sue notice. The EEOC has not yet finished its investigation into Alexander's

---

[2](...continued)
set forth a number of facts regarding Plaintiff's work record in their motion, the Court has not considered these facts in making its decision. The Court has, however, referenced Plaintiff's two EEOC charges even though she did not file them with her Complaint. By considering this information extrinsic to the Complaint, the Court has not converted this Rule 12(b)(6) motion to dismiss to a Rule 56 motion for summary judgment because Plaintiff had full knowledge of the EEOC charges and heavily relied upon them in bringing this suit. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); 5A Charles Alan Wright et al., *Federal Practice & Procedure: Civil* § 1327 & n.7 (3 ed. 2004).

[3] Alexander had been told as recently as May of 2007 that additional action would be taken if she continued to make mistakes.

2

second charge.

Alexander filed this suit on March 31, 2008, and appears to allege two causes of actions. First, Alexander claims that Delta Star discriminated against her on the basis of her sex and race when it suspended her on July 19, 2006. Second, Alexander claims that she was terminated in retaliation for filing a claim with the EEOC on November 30, 2006. Defendants have filed a motion to dismiss her claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and argue (1) that the Court does not jurisdiction as to her claim for retaliation because the EEOC has not finished its investigation of her December 31, 2007 claim and has not issued a right to sue notice on this claim; (2) that Alexander did not identify any of the individual defendants as part of either EEOC claim as required to file a Title VII suit; and (3) that Alexander failed to allege sufficient facts to set forth a *prima facie* case of discrimination.

## II. STANDARD OF REVIEW

A. Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may move, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss an action because the court lacks subject matter jurisdiction to hear and decide the case before it. The burden of proving subject matter jurisdiction rests upon the party that seeks to invoke the court's authority. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant presents other defenses in addition to challenging the subject matter jurisdiction of the court, the question of subject matter jurisdiction must be decided first, as it affects the court's very power to hear the case. *See Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999). In considering whether subject matter jurisdiction exists, the court must

3

determine whether the plaintiff's allegations, standing alone and taken as true, establish jurisdiction and a meritorious cause of action. *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir. 1984). If the court determines that it lacks subject matter jurisdiction, the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

B. Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007) (internal citations omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted).

Although the complaint of a *pro se* plaintiff is held to a less stringent standard than one prepared by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court will not abrogate basic pleading essentials in a *pro se* suit, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The less stringent standard for a *pro se* plaintiff does not, however, require a court to manufacture facts not plead to support conclusory allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Therefore, while Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face;" plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Bell*

4

*Atl. Corp.*, 127 S.Ct. at 1974.

## III. DISCUSSION

A. The Court Does Not Have Jurisdiction as to Retaliation Claim

A plaintiff is required to exhaust her administrative remedies before initiating an action against an employer under Title VII of the Civil Rights Act. *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 138 (4th Cir. 1995) (explaining that the receipt of a right-to-sue letter "is essential to initiation of a private Title VII suit in federal court"). The district court otherwise does not have subject matter jurisdiction to adjudicate the claim. *Id.* This jurisdictional requirement is not satisfied until a party files a charge with the EEOC, the EEOC investigates the charge and issues a right to sue notice based on the findings of its investigation. *Cooper v. Virginia Beach Fire Dep't*, 199 F. Supp. 2d 451, 454 (E.D. Va. 2002). The allegations in the original charge limit the scope of the potential civil suit later brought by the complainant. *Id.*

In this case, Alexander has filed two separate charges of discrimination with the EEOC. The EEOC has issued a right to sue notice as to her initial charge—the charge that she was suspended from her job on July 19, 2006, on the basis of her race and sex—but it has not issued a right to sue notice as to her second charge of being fired in retaliation for filing the initial EEOC charge. As a result, the Court is required to dismiss her claim for retaliation because she has not exhausted her administrative remedies as to this claim. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 422 (4th Cir. 2005).

B. Court Does Not Have Jurisdiction as to Claims Against Individual Defendants

Similarly, a plaintiff generally cannot bring a Title VII claim against a defendant unless that defendant is named in the charge to the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998) ("[A] civil action may be brought only against the respondent named

5

in the charge." (quotation omitted)). The requirement to name all individual defendants as respondents in the EEOC charge serves two purposes. First, it notifies the charged party of the asserted violation. *Id.* Second, it brings the charged party before the EEOC to attempt reconciliation, thereby effectuating the Civil Rights Act's primary goal of securing voluntary compliance with the law. *Alvarado v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457, 458–59 (4th Cir. 1988). The failure to name the individual defendants in the EEOC charge ordinarily means the plaintiff did not exhaust her administrative remedies against those parties, and the district court must dismiss the case. *Id.*

Here, Alexander listed only Delta Starr in her EEOC charges and did not list any of the individual defendants named in this suit. There are two exceptions to the general rule that a plaintiff must name the defendants in the EEOC charge, however, but neither apply in this case. The first exception is where the defendant named in the complaint is effectively the same as the party named in the EEOC charge. *See Alvarado*, 848 F.2d at 460 (permitting exception where the party named in the EEOC charge—Montgomery Community College—was by statute the same party as that named in lawsuit—the Board of Trustees of Montgomery Community College); *Williams v. Greendolf*, 735 F. Supp. 137, 141 (S.D.N.Y. 1990) (holding that defendant need not be named in EEOC charge if liability is based on successor liability). The second exception is when the defendant received constructive notice of the charge and should have anticipated being named in a Title VII suit. *See Sosa v. Hiraoka*, 920 F.2d 1451, 1459 (9th Cir. 1990). The individual defendants in this case have no successor liability and are not effectively the same defendant as Delta Star. Further, Alexander did not provide sufficient information in the EEOC charge for any of the individual defendants to receive constructive notice that they might be named in a Title VII suit,

6

with the possible exception of Robert Hackworth.[4] Accordingly, the Court will dismiss all individual defendants in this suit except for Robert Hackworth because Alexander failed to name them in the EEOC charges.

Moreover, the Fourth Circuit has held that supervisors cannot be held liable in their individual capacities for Title VII violations. *Lissau v. S. Food Serv. Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) (holding that discriminatory actions taken by a supervisor will create liability for the employer under the doctrine of respondeat superior, but the supervisors themselves cannot be held liable for Title VII violations). As a result, Alexander has failed to state a claim upon which relief can be granted against any of the individual defendants, including Defendant Robert Hackworth. Therefore, the Court will dismiss all individual defendants from this suit.

C. Alexander Has Not Alleged Sufficient Facts to Support a Claim for Relief

The plaintiff in a Title VII action has the initial burden of proving a *prima facie* case of discrimination in the enforcement of employee disciplinary measures. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The plaintiff can establish a *prima facie* case of discrimination by showing (1) that she is a member of a protected class; (2) that she suffered an adverse employment action; (3) that she met the employer's legitimate expectations at the time of the adverse employment action; and (4) that other employees who were not members of the protected class were disciplined under similar circumstances. *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 133 (4th Cir. 2002). If the plaintiff is able to establish a *prima facie* case, the burden shifts to the employer to establish a legitimate non-discriminatory reason for its action. *McDonnell Douglas Corp.*, 411 U.S. at 802–03. If the employer provides a legitimate reason for its action, the burden

---

[4]Alexander stated in the EEOC charge filed on November 30, 2006, that "Robert Hackworth 3rd Shift supervisor harass me."

shifts back to the plaintiff to show that the proffered reason is a pretext for discrimination. *Id.* at 804.

In this case, Alexander has failed to allege sufficient facts to support a claim for relief on her claim of racial and sexual discrimination animus in her suspension on July 19, 2006. While it is clear that Alexander is a member of a protected class, *see, e.g., Harris v. Rumsfeld*, 428 F. Supp. 2d 460, 467 (E.D. Va. 2006), and that she suffered an adverse employment action, *see, e.g., Joyner v. Fillion*, 17 F. Supp. 2d 519, 525 (E.D. Va. 1998), Alexander has not pled any facts that she met her employer's legitimate job expectations or that any other employees—members of the protected class or otherwise—were not suspended or disciplined under similar circumstances. And while Alexander has alleged acts of harassment in being called a "Black Bitch," "Mother Fucker," and "Monkey Ass," she has not alleged how these derogatory comments had any causal connection to Delta Star's decision to suspend her on July 19, 2006. Instead, she merely asserts the conclusory allegation that she was suspended because of her race and sex without alleging particular acts or practices of discrimination related to her suspension.[5] Accordingly, the Court will dismiss her claim of discrimination against Delta Star for failure to state a claim upon which relief can be granted.[6] *See,*

---

[5]Although Alexander did allege certain derogatory remarks made to her, she did not specify who made these remarks or that they had any effect on, or relation to, Delta Star's decision to suspend her on July 19, 2006. Derogatory remarks may constitute direct evidence of discrimination in some instances, but "Title VII was not designed to create a federal remedy for all offensive language . . . in the workplace," *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 608 (4th Cir. 1999) (quoting *Hopkins v. Baltimore Gas & Elec.*, 77 F.3d 745, 754 (4th Cir. 1996)), and isolated or stray remarks unrelated to the adverse employment action in question cannot be evidence of discrimination, *id.* (citing *McCarthy v. Kemper Life Ins. Cos.*, 924 F.2d 683, 686 (7th Cir. 1991)). As alleged, the remarks appear to be isolated and stray remarks given the lack of causation between the remarks and the adverse employment action.

[6]Although the Court holds the complaint of a *pro se* plaintiff to a less stringent standard than one prepared by an attorney, the Court cannot manufacture facts not plead to support conclusory allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). As a result, the
(continued...)

8

Case 6:08-cv-00011-NKM-mfu   Document 16   Filed 08/21/08   Page 8 of 9   Pageid#: 91

e.g., *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 884, 846–47 (4th Cir. 1979) (affirming district court's dismissal of complaint when plaintiffs did not allege specific discriminatory acts, practices, or customs related to an adverse employment action).

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has not exhausted her administrative remedies as to her claim for retaliation and that she cannot bring a claim against the individual defendants under Title VII. The Court further finds that Plaintiff has not alleged sufficient facts to set forth a claim of discrimination under Title VII as to her claim of being suspended on the basis of her race and sex. Accordingly, the Court will GRANT Defendants' motion to dismiss without prejudice in an accompanying Order.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to counsel of record and all unrepresented parties.

Entered this 21st day of August, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

⁶(...continued)
Court finds that Alexander has not set forth sufficient facts to establish a claim of racial and sexual discrimination. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (holding that conclusory allegations that employer discriminated against plaintiff because of her "race and sex" were insufficient given the lack of facts in support of her claim).

9